**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION**

| | |
|---|---|
| BERNARDO TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   18 C 2603 |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) |
| Chicago Police Officer Fernando Velez, | ) |
| Chicago Police Officer V. Gurrola, Chicago | ) |
| Police Officer Patrick Keating, Chicago Police | ) |
| Sergeant T. Horton, Chicago Police Sergeant | ) |
| A. Sanchez, and Chicago Police Officer C. | ) |
| Contreras, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

Bernardo Torres, by his attorney, Peter V. Bustamante, for his Complaint against the City of Chicago, Chicago Police Officer Fernando Velez, Chicago Police Officer V. Gurrola, Chicago Police Officer Patrick Keating, Chicago Police Sergeant T. Horton, Chicago Police Sergeant A. Sanchez and Chicago Police Officer C. Contreras, states:

1. This is a civil action to redress violations of the Plaintiff's 4th, 5th and 14th Amendment Constitutional rights, as well as state law.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Secs. 1331 and 1343, as well as this Court's supplemental jurisdictional powers.

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Sec. 1391(b), because the events herein occurred in Chicago, Illinois.

1

**PARTIES**

4. Bernardo Torres is a natural person.

5. The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

6. Through its operations, the City of Chicago established and organized the Chicago Police Department.

7. Officer Fernando Velez is a natural person, employed by the City of Chicago as a police officer, Star No. 13216.

8. Officer V. Gurrola is a natural person, employed by the City of Chicago as a police officer, Star No. 5847.

9. Officer Patrick Keating is a natural person, employed by the City of Chicago as a police officer, Star No. 2918.

10. Sergeant T. Horton is a natural person, employed by the City of Chicago as a police officer, Star No. 2545.

11. Sergeant A. Sanchez is a natural person, employed by the City of Chicago as a police officer, Star No. 2141.

12. Officer C. Contreras is a natural person, employed by the City of Chicago as a police officer, Star No. 16847.

13. At all times pertinent, the aforementioned Chicago Police Officers were acting within the scope of their employment as Police Officers.

14. At all times pertinent, the aforementioned Chicago Police Officers were acting under color of state law.

**FACTS**

15. At all times pertinent, Bernardo Torres leased a room at 5245 South Whipple St., in Chicago, Illinois from the ground floor tenant, Huber Maldonado.

16. Bernardo Torres was also allowed use of parts of the apartment.

17. Maldonado instructed Torres not to touch anything that did not belong to him.

18. On April 11, 2016, at approximately 12:45 p.m., Torres and Maldonado were in the apartment at 5246 South Whipple St. in Chicago, Illinois.

19. At the time and place aforesaid, Officers Velez and Gurrola came up to the front door of this apartment and Officer Velez knocked on the door of this apartment.

20. Torres opened the door a few inches to see who was knocking and Officer Velez placed his foot between the door and the jamb, stopping Torres from closing the door. Officers Velez and Gurrola then entered the premises at 5245 South Whipple, Chicago, Illinois.

21. At all times pertinent, Officers Velez and Gurrola did not have a warrant and they did not have permission to search the premises at 5245 South Whipple, Chicago, Illinois from either Torres or Maldonado.

22. At all times pertinent, Officers Velez and Gurrola knew that, when they entered the apartment at 5245 South Whipple, Chicago, Illinois, they had no reason to believe that a crime had been committed on the premises, and they knew that they did not have probable cause to obtain a warrant.

23. At all times pertinent, there were no exigent circumstances justifying a warrantless search of the premises at 5245 South Whipple, Chicago, Illinois.

24. After gaining entry, Officers Velez and Gurrola immediately handcuffed Torres and Maldonado.

25. Four more Chicago Police Officers, Officer Keating, Sergeant Horton, Sergeant Sanchez and Officer Contreras, then entered and the six Police Officers searched the apartment.

26. The warrantless, illegal search produced illegal drugs.

27. The drugs were allegedly found in boxes in the kitchen pantry.

28. Torres had no knowledge of the drugs, when or how they got there or to whom they belonged.

29. The Officers arrested both Torres and Maldonado.

30. Torres could not make bail and he was confined in Cook County Jail.

31. On March 21, 2017, Judge Thaddeus Wilson of the Circuit Court of Cook County heard Torres' Motion to Suppress the evidence seized on April 11, 2016 and granted this Motion. In so ruling, Judge Wilson found that this evidence was seized in violation of Torres' right to be free from unreasonable searches and seizures.

32. After Judge Wilson ruled on Torres' Motion to Suppress, the prosecutor requested a new court hearing date to determine if there would be an appeal of the court's ruling.

33. After the prosecutor determined that there would not be an appeal of the Court's ruling on the Motion to Suppress, Torres was released from Cook County Jail on April 17, 2017.

**COUNT I: FOURTH AMENDMENT VIOLATION – WARRANTLESS ENTRY**

1-33. Plaintiff, Bernardo Torres, repeats and realleges the allegations contained in paragraphs 1 through 34 of the Statement Facts as paragraphs 1 through 34 of Count I, as though set forth verbatim herein.

34. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation

4

of any rights, privileges or immunities secured by the Constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress.

35. On April 11, 2016, Officers Velez and Gurrola entered the premises at 5245 South Whipple Street, Chicago, Illinois, without a warrant, without permission to enter and without the existence of exigent circumstances. Later, Officer Keating, Sergeant Horton, Sergeant Sanchez and Officer Contreras entered the premises at 5245 South Whipple Street, Chicago, Illinois, without a warrant.

36. These Officers' warrantless entry was unreasonable and it violated Bernardo Torres' right to be free from illegal search and seizure. (U.S. Const., Amend. IV).

37. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

38. As a direct and proximate result of the intentional deprivation of Bernardo Torres's constitutionally protected rights, Bernardo Torres spent 343 days in jail awaiting trial and he suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, Bernardo Torres sustained financial loss.

**WHEREFORE**, Bernardo Torres prays for judgment in his favor and against the Defendant City of Chicago and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT II: WARRANTLESS SEARCH

1-33.    Plaintiff, Bernardo Torres, repeats and realleges the allegations contained in paragraphs 1 through 34 of the Statement of Facts as paragraphs 1 through 34 of Count II, as though set forth verbatim herein.

34.    42 U.S.C. § 1983 provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress.

35.    All six Defendant Police Officers searched the premises at 5245 South Whipple Street, Chicago, Illinois, without a warrant, without permission, and without a reason to believe that exigent circumstances existed.

36.    The warrantless search of the premises at 5245 South Whipple Street, Chicago, Illinois was unreasonable and it violated Bernardo Torres' 4th Amendment right to be free from an illegal search.  (U.S. Const., Am. IV).

37.     The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

38.    As a direct and proximate result of the intentional deprivation of Bernardo Torres's constitutionally protected rights, Bernardo Torres spent 343 days in jail awaiting trial and he suffered injuries.  As a further direct and proximate result of the Defendants' intentional misconduct, Bernardo Torres sustained financial loss.

**WHEREFORE**, Bernardo Torres prays for judgment in his favor and against the Defendant City of Chicago and that he be awarded compensatory and punitive damages,

reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

### COUNT III: FOURTH AMENDMENT VIOLATION – ILLEGAL RESTRAINT

1-33. Plaintiff, Bernardo Torres, repeats and realleges the allegations contained in paragraphs 1 through 34 of the Statement of Facts as paragraphs 1 through 34 of Count III, as though set forth verbatim herein.

34. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress.

35. On April 11, 2016, Officers Velez and Gurrola entered the premises at 5245 South Whipple Street, Chicago, Illinois without a warrant.

36. Upon gaining entry into the premises at 5245 South Whipple Street, Chicago, Illinois, these officers handcuffed Bernardo Torres, thereby physically restraining him and making it impossible for Bernardo Torres to leave.

37. Officers Velez and Gurrola had no reason to restrain Bernardo Torres.

38. Officers Velez' and Gurrola's physical restraint was unnecessary and it violated Bernardo Torres' right to be free of illegal seizure. (U.S. Const., Amend. IV).

39, The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

40. As a direct and proximate result of the intentional deprivation of Bernardo Torres's constitutionally protected rights, Bernardo Torres spent 343 days in jail awaiting trial

and he suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, Bernardo Torres sustained financial loss.

**WHEREFORE**, Bernardo Torres prays for judgment in his favor and against the Defendant City of Chicago and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

### COUNT IV – FALSE ARREST

1-33. Plaintiff, Bernardo Torres, repeats and realleges the allegations contained in paragraphs 1 through 34 of the Statement of Facts as paragraphs 1 through 34 of Count IV, as though set forth verbatim herein.

34. The 5th and 14th Amendments of the U.S. Constitution provide that a person cannot be deprived of life, liberty, and property without due process. (U.S. Const., Amends V, XIV).

35. Defendant Officers Velez, Gurolla, Keating, Horton, Sanchez and Contreras violated Bernardo Torres's constitutionally protected rights in that:

    (a) They entered the premises at 5245 South Whipple St., Chicago Illinois without a warrant and without probable cause to believe that a crime had been committed on the premises;

    (b) They arrested Bernardo Torres based upon evidence that was obtained through an illegal search of the premises.

36. Defendant Officer Velez, Gurolla, Keating, Horton, Sanchez and Contreras violated Bernardo Torres's constitutionally protected rights in that they arrested Bernardo Torres based upon evidence seized in violation of Bernardo Torres' right to be free from illegal searches and seizures.

37. As a direct and proximate result of the intentional deprivation of Bernardo Torres's constitutionally protected rights, Bernardo Torres spent 343 days in jail awaiting trial and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct Bernardo Torres sustained financial loss.

38. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE**, Bernardo Torres prays for judgment in his favor and against the Defendant City of Chicago, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT V – FALSE IMPRISONMENT

1-33. Plaintiff, Bernardo Torres, repeats and realleges the allegations contained in paragraphs 1 through 34 of the Statement of Facts as paragraphs 1 through 34 of Count V, as though set forth verbatim herein.

34. After gaining entry to the premises at 5245 South Whipple St., Chicago, Illinois, Officers Velez and Gurolla handcuffed Bernardo Torres while they searched the premises.

35. By handcuffing Bernardo Torres, Officers Velez and Gurolla restrained Bernardo Torres, making it impossible for him to leave.

36. When handcuffing Bernardo Torres, Officers Velez and Gurolla falsely imprisoned Bernardo Torres.

37. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE**, Bernardo Torres prays for judgment in his favor and against the Defendant City of Chicago, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-33. Plaintiff, Bernardo Torres, repeats and realleges paragraphs 1 through 34 of the Statement of Facts as paragraphs 1 through 34 of Count VI as though set forth verbatim herein.

34. The acts of the Defendant Chicago Police Officers Velez and Gurrola toward Bernardo Torres were extreme and outrageous.

35. The Defendant Chicago Police Officers Velez and Gurrola intended to disregard, or recklessly disregarded, the probability that their conduct would cause Bernardo Torres to suffer emotional distress.

36. Bernardo Torres endured severe or extreme emotional distress.

37. The conduct of Defendant Chicago Police Officers Velez and Gurrola actually and proximately caused Bernardo Torres's emotional distress.

38. The City of Chicago is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**WHEREFORE**, Bernardo Torres prays for judgment in his favor and against the Defendant City of Chicago, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT VII– RESPONDEAT SUPERIOR CITY OF CHICAGO

40. Plaintiff, Bernardo Torres, repeats and realleges the allegations contained in Counts I through VI, as though set forth verbatim herein.

41. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when those employees are acting within the scope of their employment activities.

42. Defendants, Chicago Police Officers Velez, Gurolla, Keating, Horton, Sanchez and Contreras were, at all times relevant, acting within the course and scope of their employment with the City of Chicago. These Chicago Police Officers acted within the course and scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Bernardo Torres prays for judgment in his favor and against the Defendant City of Chicago, for any tort judgment for compensatory damages for which its employees are liable, the costs of this action, and such other and further relief as the Court deems just.

## JURY DEMAND

Bernardo Torres hereby demands trial by jury.

**BERNARDO TORRES**

    *s/ Peter V. Bustamante*

    By: _____
      Peter V. Bustamante

Peter V. Bustamante
17 North State Street
Suite 1550
Chicago, Illinois 60602
(312) 346-2072